IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARMANDO MARTINEZ,

    Petitioner,

v.                                                                                                 No. CV 21-848 MV/CG

RICHARD MARTINEZ and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

## ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on Petitioner Armando Martinez's *Request for Appointment of Counsel in a Federal Habeas Corpus Case* (the "Motion"), (Doc. 3), filed January 14, 2022. Respondents have filed no response to the Motion, and the time for doing so has passed. *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion."). The Court, having reviewed the Motion and the law, finds that the Motion shall be **GRANTED**.

    Mr. Martinez was convicted in 2015 of two counts of criminal sexual penetration in the second degree, false imprisonment, and aggravated battery, and he was sentenced to a term of 23 and-a-half years of imprisonment. (Doc. 1 at 1); (Doc. 8 at 1-2). Mr. Martinez appealed his conviction unsuccessfully and pursued state collateral relief, also unsuccessfully. *See* (Doc. 8); (Doc. 8-1). Mr. Martinez then commenced the instant case pursuant to 28 U.S.C. § 2254, raising seven grounds for relief: (1) he was incompetent to stand trial, (2) the government failed to establish the element of restraint to the extent necessary to sustain a false-imprisonment conviction, (3) punishment for both criminal sexual penetration and false imprisonment in this situation violates double

jeopardy, (4) both the waiver of his right to remain silent and his resulting statement were involuntary, (5) trial counsel was ineffective for failing to argue that his mental capacity rendered his statement involuntary, (6) trial counsel was ineffective for failing to present expert testimony regarding the voluntariness of his statement, and (7) he is actually innocent of the crime of criminal sexual penetration. *See* (Doc. 1); (Doc. 8 at 4).

On January 14, 2022, Mr. Martinez filed the instant Motion, seeking appointment of counsel. (Doc. 3). In his Motion, Mr. Martinez argues that appointment of counsel is appropriate "because this case involves substantial and complex procedural, legal or mixed legal and factual questions," and he is cognitively disabled, with a "full scale IQ of 65 (including a verbal IQ of 55) and the absence of 'adaptive functioning.'" *Id.* at 4. He also maintains that appointment of counsel is appropriate because he is indigent, the case will require the assistance of experts, and the parties dispute the facts. *Id.* at 4-5.

There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).

Here, Mr. Martinez's *28 U.S.C. § 2254 Habeas Corpus Petition*, (Doc. 1), presents challenging factual and legal issues, including at least four exhausted claims. *See* (Doc. 8 at 1, 9). Appointment of counsel for the purpose of briefing these legal

issues will assist the Court in its resolution of Mr. Martinez's claims. *See*, *e.g.*, *Valdez v. Bravo*, 6:01-cv-334 MV/RLP, 2001 WL 37124886, at *3 (D.N.M. Sept. 17, 2001).

Additionally, Mr. Martinez states he is developmentally disabled, and it is undisputed that he was a special education student as a child. *See* (Doc. 3); (Doc. 8 at 2). Indeed, the state habeas court found that there was a "wealth of information" relating to Mr. Martinez's intellectual disabilities, which was not properly presented at trial. (Doc. 8-1 at 525). In particular, the state habeas court found that trial counsel rendered ineffective assistance by failing to call an expert witness to testify at trial regarding Mr. Martinez's intellectual disabilities, or to request a mental capacity jury instruction, even though the state habeas court ultimately found no prejudice and denied Mr. Martinez's request for habeas relief. (Doc. 8 at 3); (Doc. 8-1 at 525). Given the Court's concern regarding Mr. Martinez's ability to present his claims, together with the complexity of the factual and legal issues at hand, the Court finds the interests of justice require that counsel be appointed to represent Mr. Martinez. *See* 18 U.S.C. § 3006A(a)(2)(B).

**IT IS THEREFORE ORDERED** that Mr. Martinez's *Request for Appointment of Counsel in a Federal Habeas Corpus Case*, (Doc. 3), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender or a CJA attorney shall be appointed to represent Mr. Martinez.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall mail copies of this Order to the office of the Federal Public Defender.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE