**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ARMANDO MARTINEZ,

    Petitioner,

v.                                                                     No. CV 21-848 MV/CG

RICHARD MARTINEZ and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

## ORDER SETTING BRIEFING DEADLINES

**THIS MATTER** is before the Court on Petitioner Armando Martinez's *28 U.S.C. § 2254 habeas corpus petition* (the "Petition"), (Doc. 1), filed August 27, 2021; and Respondents' *Answer to Armando Martinez's Pro Se Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 1]* (the "Answer"), (Doc. 8), filed March 21, 2022. Mr. Martinez raises the following seven grounds for relief in his Petition: (1) incompetence to stand trial; (2) failure to establish the necessary elements of felony false imprisonment; (3) double jeopardy; (4) involuntary *Miranda* waiver and subsequent statements; (5) ineffective assistance of counsel for failure to challenge the voluntariness of the *Miranda* waiver and subsequent statements; (6) ineffective assistance of counsel for failure to present an expert witness on the issue of voluntariness; and (7) actual innocence. (Doc. 1 at 5-15).

In their Answer, Respondents contend Mr. Martinez has failed to exhaust available state court remedies regarding grounds five and six, to the extent that they raise ineffective assistance of counsel at the suppression stage, and ground seven in its

entirety.[1] *Id.* at 9-10. The Court, having reviewed the Petition and the Answer, will direct Mr. Martinez's recently-appointed attorney to file a response to Respondents' arguments concerning exhaustion.

**IT IS THEREFORE ORDERED** that Mr. Martinez's attorney shall, by no later than **June 24, 2022**, file a response to Respondents' arguments concerning exhaustion, including:

(1) Whether Mr. Martinez alleges exhaustion on the claims described by Respondents as unexhausted, and if so, why he believes he has exhausted available state court remedies as to those claims; or, in the alternative,

(2) If Mr. Martinez declines to allege that he has exhausted all his claims, whether he requests that the Court

    a. dismiss the unexhausted claims and proceed with only the exhausted claims;

    b. stay the Petition and hold it in abeyance while Mr. Martinez returns to state court to exhaust his claims; or

    c. dismiss the Petition in its entirety without prejudice, allowing Mr. Martinez to exhaust state court remedies and refile his federal habeas Petition at a later date.

---

[1] Respondents concede Mr. Martinez has exhausted grounds one through four, and grounds five and six as they relate to ineffective assistance of counsel at trial, and the Court agrees that such claims have been exhausted. *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (permitting an individual to exhaust his claims at the state court level by either presenting his arguments on direct appeal or through collateral review); *see also Banks v. Dretke*, 540 U.S. 668, 690 (2004).

*See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).

**IT IS FURTHER ORDERED** that Respondents may file a reply to Mr. Martinez's response by no later than **July 8, 2022**.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE