IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARMANDO MARTINEZ,

        Petitioner,

v.                                                                                                                        No. 1:21-cv-0848 MV/DLM

RICHARD MARTINEZ and
ATTORNEY GENERAL
of the STATE of NEW MEXICO,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Armando Martinez's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed August 27, 2021. (Doc. 1.) United States District Judge Martha Vazquez referred this case to me pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition. (Doc. 18.)

Petitioner's habeas corpus petition alleges seven grounds for relief. In my review of the pleadings and the record, Petitioner filed a mixed petition containing both exhausted and unexhausted claims. As explained below, I recommend finding Petitioner exhausted Grounds 1 through 4 and Grounds 5 and 6 as they relate to his criminal trial. I further recommend finding Grounds 5 and 6 relating to his representation at a suppression hearing are unexhausted, as is his claim of actual innocence in Ground 7. Thus, I recommend Petitioner be given thirty days to voluntarily dismiss his unexhausted claims and proceed with his exhausted claims. If, within thirty days, Petitioner does not elect to dismiss the unexhausted claims, I recommend dismissing his petition without prejudice.

I.      **Factual and Procedural Background**

On June 18, 2015, Petitioner was found guilty of two counts of second-degree criminal sexual penetration (CSP) and individual counts of false imprisonment and aggravated battery. (Doc. 8-1 at 124–27.) Petitioner appealed, arguing that:

1. the district court erred in finding him competent to stand trial;
2. he did not provide a voluntary, knowing, and intelligent waiver of his *Miranda* rights;
3. his false imprisonment conviction should be vacated because it was based on incidental conduct, or alternatively, that his false imprisonment and CSP II convictions violate double jeopardy; and
4. his trial counsel was ineffective.

(*Id.* at 353,[1] 270–304.)

The New Mexico Court of appeals affirmed on the first three issues. (*Id.* at 360–78.) As to the ineffective assistance claim, the Court of Appeals informed Petitioner of the New Mexico Supreme Court's preference for habeas corpus proceedings to address such claims and instructed him to initiate habeas proceedings. (*Id.* at 378.) On July 11, 2018, Petitioner filed a pro se state habeas corpus petition, and habeas counsel filed a supplement on October 28, 2019, arguing that:

1) his trial counsel was ineffective for failing to challenge the voluntariness of the *Miranda* waiver and subsequent statements at trial; and
2) his trial counsel was ineffective for failing to present an expert witness on the issue of voluntariness at trial.

(*Id.* at 410–14, 497–508.)

The state habeas court found trial counsel performed deficiently in not calling an expert

---

[1] For clarity, the Court lists Petitioner's arguments as formulated by the New Mexico Court of Appeals.

2

and in failing to request a mental-capacity jury instruction. (*Id.* at 525.) The court found, however, the evidence before the jury, including the testimony of the investigating officer and the victim herself, was compelling enough to prove the offenses charged even without Petitioner's confession. (*Id.*) The court, therefore, concluded Petitioner was not prejudiced by his attorney's deficient performance. (*Id.*) On June 4, 2021, the New Mexico Supreme Court denied Petitioner's petition for writ of certiorari. (*Id.* at 653.)

On August 27, 2021, Petitioner filed the § 2254 federal habeas petition that is the subject of this PFRD. (Doc. 1.) In his pro se petition, Petitioner asserted the following seven grounds for relief:

1) Petitioner was incompetent to stand trial.

2) The state failed to prove restraint for false imprisonment.

3) Punishing both false imprisonment and criminal sexual penetration constituted double jeopardy.

4) Petitioner did not voluntarily waive his *Miranda* rights.

5) Trial counsel was ineffective for failing to argue Petitioner's cognitive abilities rendered his statements involuntary either at the suppression stage or at trial.

6) Trial counsel was ineffective for failing to call an expert to challenge the voluntariness of Petitioner's statements either at the suppression stage or at trial.

7) Petitioner is actually innocent of the crime of criminal sexual penetration.

(*Id.* at 12–13, 15.)

## II. Relevant Law

### A. Law Regarding the Exhaustion Requirement

A federal court cannot grant a petition for habeas corpus under § 2254 unless the petitioner

has exhausted the state court remedies available to him.[2] 28 U.S.C. § 2254(b)(1)(A). A petitioner has exhausted a claim when the substance of his claim has been presented to the state court in a manner that puts the court on notice of the constitutional issue. *Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) (quotation marks and quotation omitted). It is not necessary to "invoke talismanic language[,]" but placing the court on notice requires more than merely presenting the facts necessary to support the constitutional claim. *Id.* In other words, to exhaust a claim, a petitioner must present the claim distinctly and with enough factual and legal support that a court has the opportunity to apply the controlling law to the facts of his case.

### B. Law Regarding Actual Innocence

The distinction between a gateway claim and a freestanding claim depends on whether the claim is used as a procedural mechanism or as a basis for relief. *See Farrar v. Raemisch*, 924 F.3d 1126, 1130 (10th Cir. 2019). A gateway claim enables a petitioner "to overcome a procedural bar in order to assert distinct claims for constitutional violations." *Id.* (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quotation marks omitted). Because a gateway claim is procedural, it does "not provide a basis for relief." *Id.* at 1130–31 (quoting *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995)) (quotation marks omitted). "By contrast, a freestanding claim asserts actual innocence as a basis for habeas relief." *Id.* at 1131 (citations omitted). The Supreme Court of the United States has repeatedly approved of gateway claims and repeatedly rejected freestanding claims. *Id.* (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).

Unless a petitioner brings new evidence that convinces the court that no reasonable juror

---

[2] If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile, either on the grounds that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii). Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

would have voted to find him guilty, he does not meet the threshold requirement for bringing an gateway actual innocence claim. *McQuiggin*, 569 U.S. at 386. Indeed, "[w]ithout *any* new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316 (emphasis added).

### III. Analysis

#### A. Petitioner exhausted Grounds 1 through 4.

The Court finds Petitioner exhausted Grounds 1 through 4. Petitioner presented the first four claims on direct appeal. (Doc. 8-1 at 270–304.) The New Mexico Court of Appeals affirmed as to those issues, finding petitioner competent to stand trial, holding there was sufficient evidence for the jury to find Petitioner committed false imprisonment, holding the convictions for CSP and false imprisonment did not violate double jeopardy, and holding that Petitioner had waived his *Miranda* rights. (*Id.* at 360–78.) Accordingly, Grounds 1 through 4 are exhausted.

#### B. Petitioner exhausted Grounds 5 and 6 only as they relate to trial.

Petitioner exhausted Grounds 5 and 6 only as they relate to trial. Petitioner asserts he argued trial counsel's error rendered his assistance ineffective at the suppression hearing and trial. (*See* Docs. 8-1 at 303, 394; 14 at 2–6.) As Respondent highlights, however, the briefing discusses only how his counsel's error at trial error cost Petitioner a favorable jury instruction. (Doc. 14 at 2–6.) Petitioner fails to articulate or establish exhaustion concerning his trial counsel's actions at his suppression hearing. Therefore, Petitioner exhausted Grounds 5 and 6 only as they relate to trial.

#### C. Petitioner's freestanding actual innocence claim is not cognizable.

Petitioner fails to present any evidence of actual innocence, which bars consideration of Ground 7. To bring a gateway actual innocence claim, a petitioner must present new evidence of

innocence. *See McQuiggin*, 569 U.S. at 386 (holding that the threshold requirement for gateway claims is the presentation of new evidence so compelling no reasonable juror would have voted to find the petitioner guilty). Here, Petitioner has failed to do so, thus defeating his ability to bring an actual innocence claim. *See id.*

Petitioner argues that the Court should allow his actual innocence claim because his post-conviction counsel knew of the claim but erroneously failed to raise it. (Doc. 14 at 7.) Nowhere, however, does Petitioner put forth evidence of actual innocence, let alone new evidence so compelling that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See id*. (*See also generally* Docs. 1; 14.) Indeed, Petitioner merely repackages the same underlying facts and claims in an effort to establish actual innocence. The Court acknowledges the Tenth Circuit's rule that "new" evidence need not be newly discovered evidence but rather evidence simply not presented at trial. *See Fontenot v. Crow*, 4 F.4th 982, 1031–34 (10th Cir. 2021). However, Petitioner's actual innocence claim is just that, a claim without any supporting evidence, new or otherwise. Therefore, Petitioner's failure to present new evidence of innocence of actual innocence prevents the Court from reaching his underlying claim of ineffective assistance. *See Schlup*, 513 U.S. at 316 (holding that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation" does not permit a court to reach the merits of a barred claim).

The Court notes Petitioner argues his claim is not freestanding because it is accompanied by six claims of constitutional error. (*See* Doc. 14 at 8.) However, the terms "gateway" or "freestanding" refer to way a petitioner uses an actual innocence claim in federal court, not whether it is a single claim or one of many. *See McQuiggin*, 569 U.S. at 386 (a gateway claim is a procedural mechanism); *Farrar*, 924 F.3d at 1131 (a freestanding claim stands alone as its own

6

substantive basis for relief). Thus, the fact that Petitioner has raised other constitutional claims does not change the analysis explaining why his actual innocence claim is freestanding.

### IV.     Recommendation

Because Petitioner failed to exhaust Grounds 5 and 6 as they relate to his representation at a suppression hearing and his actual innocence claim in Ground 7 is freestanding, I recommend the Court allow Petitioner to amend his petition to remove those claims, leaving Grounds 1 through 4 and those parts of Grounds 5 and 6 relating to his criminal trial. If Petitioner chooses not to amend his petition, he should bear in mind the one-year statute of limitations applies to all of the exhausted grounds in his petition, and any future federal habeas petitions on these grounds would likely be time-barred.[3]

If Petitioner wishes to proceed with this habeas petition based solely on the exhausted claims, I recommend the Court order him to file an amended petition including only those claims within 30 days of an order adopting the PFRD. If he fails to timely file an amended petition, I recommend the Court dismiss his entire petition without prejudice.

**THEREFORE, IT IS RECOMMENDED** that Petitioner be given 30 days from the entry of an order adopting the PFRD to amend his petition to include **only** his exhausted claims found in Grounds 1 through 4 and the portions of Grounds 5 and 6 as they relate to ineffective assistance at trial.

---

[3] Petitioner's one-year statute of limitations under 28 U.S.C. § 2244d(1)(A) expired on June 21, 2022. *See* (Doc. 8 at 11 n.1 (Respondent's computation, which the Court reviewed and with which it agrees)); *see also York v. Galetka*, 314 F.3d 522, 524 (10th Cir. 2003) (holding there is no statutory tolling while federal habeas proceedings are pending).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE