IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARMANDO MARTINEZ,

      Petitioner,

v.                                                                                  No. 2:21-cv-0848 MV/DLM

RICHARD MARTINEZ and
ATTORNEY GENERAL
of the STATE of NEW MEXICO,

      Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Armando Martinez's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 30] and United States Magistrate Judge Damian L. Martinez's December 19, 2023 Proposed Findings and Recommended Disposition [Doc. 36]. In his PFRD, Magistrate Judge Martinez recommended that the Court deny Petitioner's Amended Petition. On February 23, 2024, Petitioner timely filed his Objections to the PFRD (Doc. 46), and on March 8, 2024, Respondents timely filed a response to those objections (Doc. 47). Plaintiff's Objections are now before the Court.

Under the legal standards described below, the Court has considered Petitioner's Amended Petition, the Magistrate Judge's PFRD, Petitioner's objections (Doc. 14), and Respondents' response to those objections (Doc. 15), and has conducted a de novo review. Based on the Court's de novo review, the Court finds that Petitioner's objections to the Magistrate Judge's PFRD are not well-taken and therefore will deny Plaintiffs' Amended Petition.

**BACKGROUND**

On June 19, 2015, a jury found Petitioner guilty of two counts of second-degree criminal sexual penetration ("CSP"), one count of fourth-degree false imprisonment, and one count of misdemeanor aggravated battery. Doc. 36 at 1. Petitioner was unsuccessful on direct appeal and in state post-conviction proceedings, and on August 27, 2021, filed a "mixed" *pro se* petition pursuant to 28 U.S.C. § 2254. Doc. 1; Doc. 8. On June 26, 2023, Petitioner, through counsel, voluntarily dismissed the unexhausted claims and, on October 10, 2023, amended the Petition. Docs. 10, 20, 30. Respondents filed their supplemental merits answer on November 7, 2023. Doc. 34. Petitioner did not file a reply. On December 19, 2023, Magistrate Judge Martinez entered his PFRD, in which he recommended denial of the Amended Petition in its entirety. Doc. 36. Thereafter, Petitioner filed his Objections to the PFRD, Doc. 14, which are now before the Court.

**STANDARD**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may place on the PFRD whatever reliance the Court, "in the exercise of sound discretion," deems appropriate, *see United States v. Raddatz*, 447 U.S. 667, 676

(1980), but "must . . . modify or set aside any part of the [PFRD] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

## DISCUSSION

Petitioner presents three arguments in support of his objections to the PFRD. The Court addresses these arguments in turn.

First, Petitioner argues that it was "manifestly unreasonable for the New Mexico state court to find and conclude that Mr. Martinez is somehow competent." Doc. 46 at 1. According to Petitioner, if the Magistrate Judge had not "glossed over" his intellectual disabilities, he would have concluded that the New Mexico Court of Appeals unreasonably applied United States Supreme Court precedent in affirming the trial court's determination that Petitioner was competent to stand trial. *Id.* at 4. According to his Objections, the indictment and jury instructions were too complex for "someone" with Petitioner's intellectual disability to understand, and therefore he could not have meaningfully consulted with and assisted trial counsel. *Id.* at 10.

As an initial matter, Petitioner did not make this argument regarding competency in the Amended Petition; indeed, there is no mention in the Amended Petition that Petitioner did not understand the indictment or the jury instructions. This objection thus has been waived.

Even absent waiver, the competency argument would fail on the merits. First, Judge Martinez neither discounted the significance of nor glossed over the evidence of Petitioner's intellectual disability. *See* Doc. 36 at 7-10 (analyzing the state court's competency determination). To summarize the testimony of Dr. Susan Cave, the Magistrate Judge listened to the CD recording of the competency evaluation hearing, *id.* at 7, 7 n.3, and fully analyzed whether the trial court erred in finding that Petitioner's IQ scores did not render him incompetent. *Id.* at 9-10.

Further, in *Dusky v. United States*, the Supreme Court held that a defendant is competent to stand trial if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and . . . a rational as well as a factual understanding of the proceedings against him." 362 U.S. 402 (1960). Petitioner does not argue or point to facts showing that he did, in fact, misunderstand any of the terms of the indictment or the jury instructions, or otherwise argue that he lacked sufficient present ability to consult with his lawyer under the *Dusky* standard. Rather, he asserts that "it is inconceivable that he could have understood," and it "defies logic" that he "could have had a sufficient comprehension" of those terms. Doc. 46 at 10-11. Petitioner has not cited to any clearly established federal law (as he must) to support his position that he should have been deemed incompetent based on a theoretical supposition that he *could not have* understood the terms in the indictment and/or jury instructions, with no basis for that supposition in fact. *See Meek v. Martin*, 74 F.4th 1223, 1251 (10th Cir. 2023) ("The presence of clearly established law, *i.e.*, 'on point holdings,' is a necessary condition to habeas relief; its 'absence . . . is dispositive,' and closes the door on a petitioner's claim.").

Accordingly, the Magistrate Judge's finding that the state court did not unreasonably determine that Petitioner was competent to stand trial was neither clearly erroneous nor contrary to law, and, based on its de novo review, the Court finds that Petitioner's objection to the PFRD

as to the competency issue should be overruled.

Second, Petitioner argues that "the state courts unreasonably denied Mr. Martinez's ineffective assistance of counsel claim on the issue of the voluntariness of Mr. Martinez's waiver of *Miranda* rights." Doc. 46 at 2. To assert an ineffective assistance claim, a petitioner must show both that (1) counsel's performance was deficient for falling below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense, meaning that absent the alleged errors, it is reasonably probable that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Petitioner's objection invokes the second, or prejudice prong of *Strickland*, asserting that he needs an evidentiary hearing to present "competent evidence" to show that, absent counsel's failure to retain an expert to testify as to the voluntariness of his police statement, it is reasonably likely that the result of the trial would have been different. *Id.* at 12-13.

But Petitioner did not make this prejudice argument, or request an evidentiary hearing to establish prejudice, in his Amended Petition. *See* Doc. 36 at 15 (noting that Petitioner "[did] not argue that the state habeas court unreasonably applied *Strickland* in finding he was not prejudiced, or that it made an unreasonable finding of fact in denying his claim"). Petitioner cannot raise these points for the first time in objections to the PFRD. As with his first objection, Petitioner thus has waived this second objection.

His ineffective assistance claim also would fail on the merits. Petitioner asserts that if "trial counsel had presented expert testimony as to the voluntariness issue, and made a compelling presentation regarding the voluntariness issue for the jury, the whole complexion of the trial could have been different." Doc. 46 at 13. The state habeas court, however, reasoned that the evidence was sufficient to convict, even in the absence of Petitioner's police statement – a point which the

Magistrate properly noted in the PFRD. Doc. 36 at 15; Doc. 8-1 at 525 ("The victim's testimony alone proves the offenses charged, so even if the confession . . . had been excluded, there would have been sufficient evidence to convict."). Accordingly, even if trial counsel had successfully persuaded the jurors that "Mr. Martinez was simply incapable of providing a voluntary statement," Petitioner has not shown that it is reasonably probable that the jury would have returned a different verdict. Doc. 30 at 17. Nor has Petitioner established that he is entitled to an evidentiary hearing, as he provides no indication of what "competent evidence" he would proffer, or whether that evidence would exceed the record that was before the state court. *See Andrew v. White*, 62 F.4th 1299, 1346 (10th Cir. 2023) (noting that "review is limited to the record that was before the state court").

Accordingly, the Magistrate Judge's finding that the state habeas court did not unreasonably deny Petitioner's ineffective assistance claim is neither clearly erroneous nor contrary to law and, based on its de novo review, the Court finds that Petitioner's objection to the PFRD as to the ineffectiveness of counsel issue should be overruled.

Third, Petitioner argues that "the state courts unreasonably found and concluded that the acts committed by Mr. Martinez are not unitary, thus violating the prohibition against double jeopardy," and that, in agreeing that convictions for CSP and false imprisonment do not constitute double jeopardy, the Magistrate Judge "fundamental[ly] misunderst[ood] New Mexico law." Doc. 46 at 2-3. As the Magistrate Judge explained in the PFRD, "the Fifth Amendment guarantee against double jeopardy . . . protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which

the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (citation omitted). To make that determination, a federal habeas court must "defer to the state court's interpretation of the relevant statutory provisions." *Lucero v. Kerby*, 133 F.3d 1299, 1316 (10th Cir. 1998) (citations omitted). Applying this standard, the Magistrate Judge found that a reasonable trier of fact could have found that the essential elements of false imprisonment were met, and thus that the crimes of false imprisonment and CSP were not unitary—i.e., they were separate offenses. Doc. 36 at 11. Accordingly, the Magistrate Judge found that a reasonable trier of fact could have found that the convictions for false imprisonment and CSP did not violate double jeopardy. *Id.*

In the PFRD, the Magistrate Judge specifically addressed Petitioner's argument that the Court should extend the principle set forth in *New Mexico v. Trujillo*, 289 P.3d 238 (N.M. Ct. App. 2012), to false imprisonment. Doc. 36 at 11. In *Trujillo*, the Court of Appeals of New Mexico had held that kidnapping could not be charged where the restraint involved was merely incidental to the underlying crime of battery. *Id.* In rejecting Petitioner's argument that *Trujillo* applies here, the Magistrate Judge explained that, in *New Mexico v. Lucero*, No. A-1-CA-35407, 2019 WL 5926983, at *2 (N.M. Ct. App. 2019), the Court of Appeals of New Mexico had considered, and rejected, that very argument, namely, that it should extend the incidental-restraint limitation on kidnapping established in *Trujillo* to false imprisonment. *Id.* at 12. The Magistrate Judge also explained that the court in *Lucero* went on to analyze the claim before it and determined that, "[b]ecause discrete acts underlie the convictions and because the offenses were completed at different points in time, the restraint was not merely incidental to the battery and was therefore not unitary." *Id.* The Magistrate Judge explained that the facts of the instant case were similar to the facts in *Lucero*, as Petitioner committed the crimes of false imprisonment and CSP at different times. *Id.*

The Magistrate Judge noted that, not only are federal courts "bound by the state courts' interpretation of the state's laws[, but i]f the state's highest court has not decided an issue, [a federal court's] task is to predict how it would rule." *Id.* at 12-13. Recognizing that *Lucero*, an unpublished decision, does not have full precedential value, the Magistrate Judge nonetheless found it instructive as to how a New Mexico court would interpret a nearly identical case. *Id.* at 13. As an additional point, the Magistrate Judge noted that, "although the denial of certiorari is certainly not dispositive, the Court is required to predict how the New Mexico Supreme Court would rule, and the denial of certiorari [in *Lucero*] at least provides some indication the New Mexico Supreme Court saw no error with the decision and would affirm similar reasoning if it were applied in Petitioner's case." *Id.*

Accordingly, separate and apart from noting the predictive value of the denial of certiorari in *Lucero*, the Magistrate found that the Court of Appeals in Petitioner's case had correctly determined that discrete events underlay Petitioner's offenses and that those offenses were completed at different times. *Id.* For this independent reason, the Magistrate Judge agreed with the Court of Appeals that Petitioner's offenses were not unitary and that all essential elements of false imprisonment and CSP were met, meaning that Petitioner's convictions were for distinct offenses and thus did not violate the prohibition against double jeopardy. *Id.*

In his objections, Petitioner misconstrues the PFRD. Specifically, he contends that the entirety of the Magistrate Judge's finding regarding double jeopardy was based on the incorrect notion that the New Mexico Supreme Court's denial of certiorari in *Lucero* necessarily implied its agreement with the Court of Appeals' decision. Doc. 46 at 15. This is not the case. As explained above, the Magistrate Judge (properly) applied the law to the facts before it to determine that Petitioner's offenses were not unitary. While admittedly he did add that the denial of certiorari

provided "some indication" of how the New Mexico Supreme Court would rule if determining the case on the merits, the Magistrate Judge was careful to note that the denial of certiorari was "certainly not dispositive." Doc. 36 at 13. Petitioner takes no issue with the Magistrate Judge's determination, save his insistence that the Magistrate Judge improperly relied on the denial of certiorari in reaching that determination. But because the Magistrate Judge reached his determination on proper grounds, Petitioner has provided no persuasive reason for the Court to find fault with the Magistrate Judge's finding as to double jeopardy.

Accordingly, the Magistrate Judge's finding that Petitioner failed to demonstrate that the state district court unreasonably applied clearly established federal law or made an unreasonable finding of fact in convicting him of false imprisonment and CSP is neither clearly erroneous nor contrary to law, and based on its de novo review, the Court finds that Petitioner's objection to the PFRD as to double jeopardy issue should be overruled.

## CONCLUSION

For the foregoing reasons, the Court overrules each of Petitioner's objections to the PFRD, adopt the PFRD in its entirety, and denies the Amended Petition.

**IT IS ORDERED that:**

1. The Magistrate Judge's PFRD (Doc. 36) is **ADOPTED**;

2. Petitioner's Objections (Doc. 46) are **OVERRULED**;

3. Petitioner's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 30) is **DENIED**; and

4. A final judgment shall be entered concurrently herewith.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE